24-3138-cv
*Tacon v. Cromwell*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of May, two thousand twenty-five.

PRESENT:
        GERARD E. LYNCH,
        JOSEPH F. BIANCO,
        STEVEN J. MENASHI,
            *Circuit Judges*.

_____

WILLIAM TACON, AS ADMINISTRATOR OF CARIBBEAN COMMERCIAL INVESTMENT BANK LTD.,

        *Plaintiff-Appellee*,

v.                                                                24-3138-cv

ROBERT CROMWELL, SARIT L. ROZYCKI,

        *Defendants-Appellants*.

_____

FOR DEFENDANTS-APPELLANTS:    STEVEN A. WEG (Efrem Schwalb and Tal S. Benschar, *on the brief*), Koffsky Schwalb LLC, New York, New York.

FOR PLAINTIFF-APPELLEE:    Cassandra Porsch, Potomac Law Group PLLC, New York, New York and Geoffrey Raicht, Geoffrey T. Raicht, PC, Rye, New York.

Appeal from an order of dismissal of the United States District Court for the Southern District of New York (Kenneth M. Karas, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of dismissal, entered on November 6, 2024, is **AFFIRMED**.

Defendants-Appellants Robert Cromwell and Sarit L. Rozycki (together, the "Defendants") appeal from the district court's order of dismissal insofar as it dismissed Plaintiff-Appellee William Tacon's amended complaint, asserting one claim for breach of guaranty, without prejudice. Although Defendants prevailed below, they argue on appeal that the district court committed legal error, or alternatively abused its discretion, by dismissing Tacon's breach of guaranty claim without prejudice rather than with prejudice, as requested by Defendants. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.[1]

## BACKGROUND[2]

In 2005, Defendants entered into a guaranty agreement with Caribbean Commercial Investment Bank ("CCIB"), which obligated Defendants to pay any debt incurred by their company, Indigo Holdings Ltd. ("Indigo"), up to a certain amount. Shortly thereafter, Indigo

---

[1] As a threshold matter, we note that the district court did not enter judgment on a separate document after entering the dismissal order, as is required by Federal Rule of Civil Procedure 58(a). Fed. R. Civ. P. 58(a) (stating that apart from certain exceptions not relevant to this appeal "[e]very judgment . . . must be set out in a separate document.") However, "[a] failure to set forth a judgment or order on a separate document when required by [Rule] 58(a) does not affect the validity of an appeal from that judgment or order." Fed. R. App. P. 4(a)(7)(B). Here, it is clear that the district court's dismissal order, entered at the request of the Plaintiff, ended the case. Indeed, in the dismissal order, the district court directed the Clerk of Court to close the case. Therefore, under 28 U.S.C. § 1291, we have jurisdiction to review that order on appeal because it constituted a final decision, meaning it "end[ed] the litigation on the merits and [left] nothing for the court to do but execute the judgment." *Leftridge v. Conn. State Trooper Officer No. 1283*, 640 F.3d 62, 66–67 (2d Cir. 2011) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). Moreover, the judgment became final 150 days after the order was entered on the docket, *see* Fed. R. Civ. P. 58(c)(2)(B), and we deem Defendants' notice of appeal to have been timely filed as of that date, *see* Fed. R. App. P. 4(a)(2).

[2] The following allegations are drawn from the amended complaint.

2

entered into a loan agreement with CCIB to finance Indigo's construction of a villa in Anguilla. Indigo allegedly defaulted on the loan in 2012 and, in 2016, Tacon, as CCIB's court-appointed administrator, demanded that Defendants pay Indigo's outstanding balance. Defendants allegedly acknowledged the debt, made assurances over several years that they were taking steps to repay it, and attempted to negotiate that repayment. However, the debt was not repaid.

In 2023, Tacon initiated the instant action against Defendants in the Southern District of New York, where Defendants are citizens, and brought a single claim for breach of guaranty pursuant to the court's diversity jurisdiction. After Tacon filed an amended complaint, Defendants filed a motion to dismiss, under Federal Rule of Civil Procedure 12(b)(6), on the ground that Tacon's breach of guaranty claim was barred by New York's six-year statute of limitations. The district court granted the motion (the "Rule 12(b)(6) Order"). *See generally Tacon v. Cromwell*, No. 23-CV-8100 (KMK), 2024 WL 4275625 (S.D.N.Y. Sept. 24, 2024). In doing so, the district court declined to consider many of the documents Tacon submitted in furtherance of his arguments, to the extent those documents were not incorporated explicitly, or by reference, in the amended complaint. The district court determined that Tacon had conceded, through his briefing, that Anguilla's twelve-year statute of limitations did not apply under New York's choice-of-law provision. The district court also rejected Tacon's argument that the amended complaint plausibly alleged exceptions to the statute of limitations, namely that (1) through the guaranty, Defendants waived their statute of limitations defense; (2) Defendants' acknowledgment of their breach and partial repayment tolled the statute of limitations; and (3) Defendants should be equitably estopped from raising a statute of limitations defense. With respect to Tacon's arguments for equitable estoppel based on Defendants' alleged bad faith conduct during settlement discussions that "duped

3

[Tacon] into refraining from bringing this Action sooner," the district court noted that it would not consider additional allegations asserted by Tacon for the first time in his sur-reply. *Id*. at *16–17.

However, the district court dismissed the amended complaint without prejudice and gave Tacon thirty days to file a second amended complaint. In doing so, the district court explicitly rejected Defendants' request to dismiss the amended complaint with prejudice, stating, "[n]otwithstanding Defendants' argument to the contrary, the Court is not convinced that the flaws in the Amended Complaint are incurable, particularly given Defendants' protracted settlement discussions with Plaintiff, which, as alleged, do not necessarily evince good-faith negotiations." *Id*. at *17 n.22 (alterations adopted) (internal quotation marks and citations omitted). The district court also noted that the Rule 12(b)(6) Order was the first adjudication of Plaintiff's claim and that courts "will afford [a plaintiff] an opportunity to amend if, after reviewing [the relevant order of dismissal] and the law therein, [a court] still believes that [the plaintiff] can plausibly state claims against [the defendants]." *Id*. at *17 (internal quotation marks and citation omitted). Although the district court warned that a failure to amend "may" result in dismissal with prejudice, it did not state that its dismissal without prejudice would automatically convert to a dismissal with prejudice upon a failure to refile. *See id.*

Tacon did not file a second amended complaint within the time provided, and shortly after that deadline expired, Defendants filed a letter asking the district court to dismiss the amended complaint with prejudice. Tacon promptly responded, indicating that he planned to refile the lawsuit in Anguilla "[r]ather than file another amended complaint in [the New York district court] that would simply serve as a basis to further litigate defenses to the statute of limitations prior to ever reaching the merits of the action." App'x at 226. Tacon also opposed Defendants' request to dismiss with prejudice, characterizing it as "an attempt to bootstrap defenses to the enforcement

4

of an inevitable judgment against them in Anguilla." *Id.* Tacon argued that dismissal without prejudice would be "in the interest of justice," as the breach of guaranty claim "ha[d] not been adjudicated on the merits." *Id.*

That same day, possibly before receiving Tacon's letter, the district court ordered Tacon to show cause why the amended complaint should not be dismissed *sua sponte* under Federal Rule of Civil Procedure 41(b) for failure to prosecute or comply with a court order. The district court again warned Tacon that a failure to respond "may" result in dismissal with prejudice. *Id.* at 227. A few days later, the district court, having acknowledged receipt of Tacon's letter, dismissed the amended complaint without prejudice for failure to prosecute under Rule 41(b) (the "Rule 41(b) Order"). Defendants timely appealed the Rule 41(b) Order.

## DISCUSSION

As a threshold matter, although Defendants prevailed in obtaining dismissal of the case, we conclude that they may appeal the district court's decision to dismiss without prejudice rather than with prejudice. "Ordinarily, a prevailing party cannot appeal from a district court judgment in its favor." *In re DES Litig.*, 7 F.3d 20, 23 (2d Cir. 1993). However, a prevailing party may appeal if it is "aggrieved" by "the collateral estoppel effect of [the] district court's ruling" or "some [other] aspect of [its] judgment or decree." *Id.* at 23, 25. Here, the "ultimate relief [Defendants] requested" was a dismissal of Tacon's amended complaint with prejudice, but instead the district court ordered dismissal without prejudice, which allows Tacon to refile the action in the future. *Concerned Citizens of Cohocton Valley, Inc. v. N.Y. State Dep't of Env't Conservation*, 127 F.3d 201, 204 (2d Cir. 1997) (explaining that a party is not aggrieved if they receive the "ultimate relief requested"). We therefore conclude that Defendants have been "aggrieved" by the Rule 41(b) Order insofar as it dismissed Tacon's claim without prejudice, and therefore Defendants may

5

challenge on appeal that aspect of the district court's decision. *See Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006) (allowing a defendant to appeal the dismissal of a complaint without prejudice).

"We review a court's dismissal under Rule 41(b) for an abuse of discretion," including whether such a dismissal should be with or without prejudice. *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam); *see also Camilli*, 436 F.3d at 123 (reviewing a Rule 41(a) dismissal without prejudice, rather than with prejudice, for abuse of discretion). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *United States ex rel. Weiner v. Siemens AG*, 87 F.4th 157, 161 (2d Cir. 2023) (per curiam) (internal quotation marks and citation omitted).

In its dismissal order, the district court noted that, on the same day that it issued its order to show cause directing Tacon to "either file a second amended complaint or show cause as to why there would be no such filing," Tacon's counsel filed a letter advising the district court that, instead of filing a second amended complaint, Tacon was "in the process of pursuing a separate suit against Defendants in a different forum." App'x at 229–30. Thus, under those circumstances, the district court determined that the case should be "dismissed without prejudice." *Id*. at 30.

Defendants assert that the district court erred in declining to dismiss the case with prejudice. We are unpersuaded. "When imposed, the sanction of dismissal 'operates as an adjudication upon the merits,' but may be without prejudice if so specified by the court imposing it." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982) (quoting Fed. R. Civ. P. 41(b)). "[B]ecause the sanction of dismissal with prejudice has harsh consequences for [parties],

6

who may be blameless, we have instructed that it should be used only in extreme situations."

*Baptiste*, 768 F.3d at 217 (internal quotation marks and citation omitted). As we have explained,

> Two lines of authority have developed with respect to the circumstances under which a dismissal without prejudice might be improper. One line indicates that such a dismissal would be improper if "the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947). Another line indicates that the test for dismissal without prejudice involves consideration of various factors, known as the *Zagano* factors, including (1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss.

*Camilli*, 436 F.3d at 123 (citing *D'Alto v. Dahon Cal., Inc.*, 100 F.3d 281, 283 (2d Cir.1996); *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir.1990)) (internal citation omitted).[3] "These factors are not necessarily exhaustive and no one of them, singly or in combination with another, is dispositive." *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011).

Applying the *Zagano* factors here, Tacon's non-compliance with the district court's deadline for filing the second amended complaint, before advising the court of his desire to discontinue the action without prejudice, was relatively brief—less than a week—and, as noted above, Tacon filed a letter indicating that he intended to pursue the litigation in Anguilla before the district court entered its order to show cause. Thus, Tacon was reasonably diligent in requesting dismissal, and Defendants do not point to any prejudice from his brief delay. Moreover, although

---

[3] We have utilized these factors in the context of motions for voluntary dismissal by plaintiffs under Federal Rule of Civil Procedure 41(a)(2), which provides that, "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Although the district court invoked Rule 41(b), which addresses a failure to prosecute, we conclude that the *Zagano* factors provide a helpful framework for analyzing the district court's determination in light of the fact that the dismissal without prejudice was requested by the plaintiff. We also note that Tacon does not argue that the district court should have addressed his request under Rule 41(a)(1)(A)(i), and thus we do not address that issue here. *See* Fed. R. Civ. P. 41(a)(1)(A)(i) (stating that "the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment").

the motion to dismiss had been adjudicated, the district court determined that the pleading defects (including on the statute of limitations issue) were potentially curable in an amended complaint and that the lawsuit, in which an answer had not yet been filed, was still in its early stage. In addition, there is no indication of any undue vexatiousness on Tacon's part, and Tacon sufficiently explained the reason for the request. In short, under these circumstances, we discern no abuse of discretion in the district court's determination that the dismissal should be without prejudice. *See Kwan*, 634 F.3d at 231 (holding that dismissal of counterclaims without prejudice at defendants' request, as opposed to with prejudice, was not an abuse of discretion where, *inter alia*, plaintiff "failed to show that consideration of the *Zagano* factors would have altered the outcome on the [defendants'] motion").

Defendants argue that "the dismissal without prejudice severely prejudices them by negating the district court's ruling that the claim was time-barred, thus causing [Defendants] to lose the preclusive, *res judicata* effect of the judgment, and potentially exposing them to further liability." Appellants' Reply at 14. However, as noted above, the district court did not make a final determination on the statute of limitations issue; indeed, it explicitly stated that it was "not convinced that the flaws in the Amended Complaint [were] incurable" and indicated that it believed that Tacon could still "plausibly state [his breach of guaranty] claim[] against Defendants," including potentially overcoming the statute of limitations defense. *Tacon*, 2024 WL 4275625, at *17 & n.22 (alteration adopted) (internal quotation marks and citations omitted). While dismissals for failure to state a claim are generally with prejudice, "[i]t is nevertheless permissible to dismiss for failure to state a claim without prejudice . . . to enable a party to seek to amend its complaint." *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 126 (2d Cir. 2022).

8

Having received that initial ruling, Tacon decided that, rather than attempt to amend the complaint, he would prefer to "fil[e] suit against Defendants in Anguilla, which is the forum whose laws apply to the loan and guaranty documents underlying Defendants' debt and where the applicable statute of limitations indisputably has not run." App'x at 226. To the extent Defendants suggest that the possibility of the initiation of a new lawsuit in a different forum *necessarily* constitutes legal prejudice requiring a dismissal with prejudice, we disagree. Such reliance on that single factor would deprive the district court of its discretionary authority to dismiss the case without prejudice under the *Zagano* factors. *See generally Jones v. Sec. & Exch. Comm'n*, 298 U.S. 1, 19 (1936) (emphasizing, in the context of a voluntary dismissal, that "[t]he general rule is settled for the federal tribunals that a plaintiff possesses the unqualified right to dismiss his complaint . . . unless some plain legal prejudice will result to the defendant other than the mere prospect of a second litigation upon the subject matter"); *see also D'Alto*, 100 F.3d at 283 ("In *Zagano*, this Court delineated a number of factors that are relevant in determining whether a case has proceeded so far that dismissing it in order for plaintiff to start a separate action would prejudice the defendant.").

Finally, we are equally unpersuaded by Defendants' contention that, because the Rule 12(b)(6) Order converted into a "final judgment" when Tacon elected not to file a second amended complaint, the district court had no authority to dismiss the case without prejudice. It is true that, when a plaintiff "disclaim[s] intent to amend, she render[s] the district court's otherwise non-final order 'final' and therefore immediately appealable." *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 87 (2d Cir. 2013). However, Defendants ignore that, at the same time Tacon indicated an intent not to file another amended complaint, he requested that the district court dismiss the case without prejudice because he intended to pursue the lawsuit in another forum. Under these

9

circumstances, the district court had the discretion to address Tacon's request notwithstanding any ramifications regarding the appealability of the district court's Rule 12(b)(6) Order before that request was resolved.[4]

\*           \*           \*

We have considered the Defendants' remaining arguments and conclude that they are without merit. Accordingly, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court



---

[4] To the extent that Defendants also attempt to support their position by relying on the Supreme Court's decision in *Semtek International Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2001), that reliance is misplaced. In *Semtek*, the Supreme Court held that, when a case is dismissed with prejudice on statute of limitations grounds by a federal court sitting in diversity in one state, and then brought again in state court in a second state, the court in the second state should apply the claim preclusion rules of the state of the first-filed case. That holding in *Semtek* places no legal constraints on the district court's discretionary authority here in the first-filed case—namely, where the district court dismissed a claim without prejudice on statute of limitations grounds in the first instance and determined, after the plaintiff decided not to pursue the claim in that forum through another amended complaint, that the dismissal should remain as one without prejudice. The effect, if any, of the district court's Rule 12(b)(6) Order in a future lawsuit in another forum, which was the subject of *Semtek*, is not before this Court and any effort to analyze that issue at this juncture would constitute an impermissible advisory opinion. *See Preiser v. Newkirk*, 422 U.S. 395, 401 (1973).

10